KMA ZUCKERT LLP
1120 Avenue of the Americas, Suite 17A
New York, N. Y. 10036
Tel: (212) 922-0450
David Y. Loh (DL 0460)

Attorneys for Plaintiffs
HITACHI ENERGY USA INC. and
ZURICH AMERICAN INSURANCE COMPANY
as subrogee of Hitachi Energy USA, Inc.
File: 448003.00052 DYL

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------x

Docket No. 1:26-cv-9873

HITACHI ENERGY USA INC. and
ZURICH AMERICAN INSURANCE COMPANY
as subrogee of Hitachi Energy USA, Inc.,

COMPLAINT

Plaintiffs,

-against-

B & R Transport LLC,

Defendant.

--------------------------------------------------------X

Plaintiffs Hitachi Energy USA Inc. ("Hitachi") and Zurich American Insurance Company ("Zurich"), as subrogee of Hitachi (together, "Plaintiffs"), by their undersigned counsel, for their Complaint against Defendant B & R Transport LLC ("B&R" or "Defendant"), allege as follows:

## THE PARTIES

1. Plaintiff Hitachi Energy USA Inc. is a corporation organized under the laws of Delaware, with its principal place of business at 901 Main Campus Drive, Raleigh, North Carolina 27606. Hitachi operates a dead tank breaker facility at 100 Distribution Circle, Mount Pleasant, Pennsylvania 15666. Hitachi was the shipper of an EconiQ 362PM63-30HA high-

voltage dead tank power circuit breaker, Hitachi Part No. 2GNV007136A0001, Serial No. PACS1811/890101588-01 (the "Breaker").

2. Plaintiff Zurich American Insurance Company is an insurance company organized under the laws of New York, with its principal place of business at 1299 Zurich Way, Schaumburg, Illinois 60196. Zurich insured the Breaker under Marine Open Cargo Policy No. OC 5846132 issued to Hitachi (the "Policy").

3. Defendant B & R Transport LLC is a limited liability company organized under the laws of Pennsylvania, with its principal place of business at 190 Gasland Road, Mount Pleasant, Pennsylvania 15666. Upon information and belief, each of B&R's members is a citizen of the Commonwealth of Pennsylvania. B&R is a for-hire motor carrier registered with the Federal Motor Carrier Safety Administration under USDOT No. 1675322 and MC No. 615700, authorized to transport property and classified as an interstate carrier. A true and correct copy of B&R's FMCSA SAFER Company Snapshot is attached as Exhibit J.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1337(a) because Count I arises under the Carmack Amendment, 49 U.S.C. § 14706, an Act of Congress regulating commerce, and the matter in controversy for each of the Bill of Lading and the Companion Bill of Lading, which together cover the Breaker, exceeds $10,000, exclusive of interest and costs.

5. The Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367(a).

6. Independently, this Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States: Hitachi is a citizen of Delaware and North Carolina; Zurich is a citizen of New York and Illinois; and B&R, through its members, is a citizen of Pennsylvania.

7. Venue is proper in this District because B&R agreed in Section 25 of the Contract that "[a]ll controversies and claims arising hereunder, any actions or proceedings shall be brought in the State of New York" (Ex. A § 25), thereby consenting to venue in this District and waiving any objection to venue here. Upon information and belief, venue is further proper under 49 U.S.C. § 14706(d)(1) to the extent B&R, as the delivering carrier and an FMCSA-registered interstate motor carrier, operates through this District.

8. This Court has personal jurisdiction over B&R because, in Section 25 of the Contract, B&R expressly agreed that all controversies and claims arising under the Contract shall be brought in the State of New York, and thereby consented to the jurisdiction of the courts located in New York, including this Court. (Ex. A § 25.)

## FACTUAL ALLEGATIONS

### A. The Contract for Carriage

9. In March 2023, Hitachi and B&R entered into a written Contract for Carriage (the "Contract"), executed by B&R's President on March 9, 2023 and by Hitachi on March 27 and 28, 2023. A true and correct copy of the Contract is attached as Exhibit A.

10. The Contract provides that it "shall remain in full force and effect for twelve (12) months from the date hereof . . . and from year-to-year thereafter unless canceled by either party

after 30 days written notice prior to expiration." (Ex. A § 15.) Upon information and belief, neither party cancelled the Contract, and it was in force at all times relevant to this action.

11. In Section 6 of the Contract, B&R agreed that, in connection with the transportation of any commodities of or for Hitachi, "it will and does hereby assume the liability and duties of a common carrier by motor vehicle in interstate commerce as presently set forth in the Recoded Interstate Commerce Act, including particularly those found in 49 U.S.C. Section 14706, and also the liability and duties established by the relevant common law of each pertinent state or country." (Ex. A § 6.)

12. Section 6 further provides that "[t]he amount of claim will be the invoice value of goods at destination and in addition all paid freight charges, cost of salvaging, including labor and packing supplies, if applicable," that claims are processed under 49 C.F.R. Part 370, that B&R "shall acknowledge the claim in writing within thirty (30) days after receipt," and that B&R "shall pay for such claim within sixty (60) days after receipt thereof." (Id.)

13. Section 6 also provides that any action pertaining to a shipment "shall be commenced within 24 months from the date COMPANY receives written notice from CARRIER that COMPANY's claim or any part thereof has been disallowed." (Id.) B&R has never given Hitachi written notice disallowing the claim, in whole or in part.

14. Neither the Contract nor any bill of lading, tariff, or other agreement between Hitachi and B&R contains an express written waiver, under 49 U.S.C. § 14101(b) or otherwise, of any right or remedy under 49 U.S.C. § 14706. To the contrary, B&R expressly assumed Carmack Amendment liability in Section 6 of the Contract, and Hitachi and B&R did not waive any right or remedy under 49 U.S.C. § 14706 with respect to the transportation of the Breaker.

15. In Section 12 of the Contract, B&R agreed "to use utmost care and due diligence in the protection of" property it transports. (Ex. A § 12.) In Section 10, B&R agreed to "indemnify, defend and hold [Hitachi] and its customers harmless from any and all liabilities, judgments and expenses resulting from . . . damage, loss or destruction to . . . property arising out of the performance of this agreement caused by a breach of CARRIER's obligations hereunder or by the negligence of CARRIER, its agents, employees or representatives." (Ex. A § 10.) The Contract contains no limitation of B&R's liability for cargo loss or damage.

**B. The Shipment**

16. Hitachi sold the Breaker to EPC Services Co. under Hitachi Sales Order No. 890101588, Item 10, at a price of $572,000.00, pursuant to EPC Services Co.'s Purchase Order No. 23-2109-00010 dated October 16, 2023. A true and correct copy of the Order Acknowledgement, as printed on January 23, 2025, is attached as Exhibit C.

17. Hitachi tendered the Breaker, together with associated components, to B&R at Hitachi's facility at 100 Distribution Circle, Mount Pleasant, Pennsylvania, for carriage to EPC Services Co., A&A Warehouse, 201 Dean Sievers Place, Morrisville, Pennsylvania 19067. Because of its size, the Breaker moved on two trucks under two Hitachi bills of lading: Bill of Lading No. MTP0057SEP27.6 (the "Bill of Lading"), covering ten pieces with a total weight of 17,100 pounds, and Bill of Lading No. MTP0057SEP27.5 (the "Companion Bill of Lading"), covering five pieces with a total weight of 12,395 pounds. True and correct copies of both bills of lading and the associated Hitachi packing lists are attached as Exhibit B.

18. B&R's driver signed the Bill of Lading on November 13, 2024, acknowledging receipt of all ten pieces without exception, and B&R's driver signed the Companion Bill of

Lading on November 13, 2024 without exception. The Breaker was in good order and condition when B&R received it.

19. Upon information and belief, the shipment was part of a continuous movement of the Breaker to EPC Services Co.'s project site at 26599 N. Moorefield Road, McCook, Texas 78541, which is the ship-to address stated in the Order Acknowledgement (Ex. C).

**C. The Damage**

20. While the Breaker was in B&R's exclusive possession, custody, and control, B&R's driver took a wrong exit and the Breaker struck a low bridge. In a November 21, 2024 email to Hitachi, B&R admitted: "A B&R driver damaged two poles while en route. Breakers' destination was 201 Dean Sievers Place Morrisville, PA 19067. Driver took the wrong exit. They were only 3 miles from their destination." A true and correct copy of that email is attached as Exhibit D.

21. On November 19, 2024, the consignee rejected the shipment, and the Bill of Lading was claused: "Per customer – rejecting load – pcs. damaged in transit cannot accept." (Ex. B.) B&R then returned the Breaker to its yard at 210 Gasland Road, Mount Pleasant, Pennsylvania. (Ex. D.)

22. On February 26, 2025, an independent marine surveyor inspected the Breaker at B&R's yard with B&R personnel present. The surveyor found that the poles "were broke at their base and laid on their side at the rear of the trailer," that "[t]he base of the poles were crushed and dented," and that the shipment "was low bridged during transit resulting in the damages observed." A true and correct copy of the Preliminary Report dated March 10, 2025 is attached as Exhibit G.[1] A photograph of the damaged Breaker is attached as Exhibit I.

---

[1] The Preliminary Report was prepared without transit documents and contains apparent clerical errors: it refers to a loss date of November 19, 2025 rather than 2024, to the incident location as New Stanton, Pennsylvania, to the

23. Hitachi's Dead Tank Breaker Customer Care team assessed the damage and determined that Pole 1 and Pole 2 had damaged bushing assemblies, HMB drive covers, current transformers, and current-transformer conduit, and that both pole assemblies had to be replaced; Pole 3 and the main control cabinet showed no reported damage. Hitachi's repair estimate dated August 23, 2025 states the cost of two replacement pole assemblies ($123,740.69 each, $247,481.38 total) and testing ($3,306.00), for a total of $250,787.38. A true and correct copy of the repair estimate is attached as Exhibit H.

24. Hitachi repaired the Breaker and re-shipped it to its customer in May 2026. In addition to the repair cost stated in the repair estimate, which excluded storage and shipping costs, Hitachi incurred additional labor charges of $19,703.21 and freight charges of $8,650.00 to transport the repaired Breaker to its customer.

**D. The Claim**

25. On February 10, 2025, Hitachi gave B&R written notice of claim for the damage to the Breaker, identifying the shipment, the damaged Breaker, its $572,000.00 value, and supporting documentation, and demanding payment. The notice thereby asserted liability and stated a specified or determinable amount of money, satisfying 49 C.F.R. § 370.3(b). A true and correct copy of the notice of claim is attached as Exhibit E. The notice was made within nine months after delivery or tender of delivery, as required by the Contract and 49 U.S.C. § 14706(e)(1).

shipper as unknown, and to "all of the poles." As alleged herein and reflected in Exhibits B, D, and H, the shipper was Hitachi, the consignee rejected the shipment on November 19, 2024, and two of the Breaker's three poles (Pole 1 and Pole 2) were damaged.

26. B&R forwarded the notice to its cargo insurer, Great West Casualty Company, which acknowledged receipt in writing under its Claim No. 024-11-002720. A true and correct copy of that correspondence is attached as Exhibit F.

27. B&R has not paid any part of the claim and has not issued a written disallowance of the claim.

**E. Zurich's Payment and Subrogation**

28. Under the Policy, Zurich paid Hitachi $163,090.54 on account of the loss on or about December 19, 2025. Zurich is therefore subrogated, by operation of law, by equity, and under the Policy, to Hitachi's rights against B&R to the extent of its payments, and will be further subrogated to the extent of any further payments it makes under the Policy.

29. Hitachi retains an interest in the claim to the extent of its unreimbursed loss, including the Policy's $25,000.00 deductible and any amounts not yet paid by Zurich. Hitachi joins as a plaintiff in its own right and for the benefit of Zurich as its interests may appear.

30. Plaintiffs have performed all conditions precedent to recovery, or such conditions have been waived or excused.

## COUNT I

### Liability of Motor Carrier Under the Carmack Amendment, 49 U.S.C. § 14706

31. Plaintiffs incorporate the preceding paragraphs as if fully set forth here.

32. This Count is pleaded to the extent the transportation of the Breaker was subject to the jurisdiction of the Surface Transportation Board or the Secretary of Transportation under 49 U.S.C. § 13501, and in addition by virtue of B&R's contractual assumption of the liability of a carrier under 49 U.S.C. § 14706 (Ex. A § 6).

33. B&R is a motor carrier that issued, or is bound by, the Bill of Lading and the Companion Bill of Lading and was both the receiving and delivering carrier of the shipment.

34. The Breaker was delivered to B&R in good condition, arrived at destination in damaged condition, and Plaintiffs have suffered actual loss as a result.

35. Under 49 U.S.C. § 14706(a)(1), B&R is liable to Plaintiffs for the actual loss or injury to the Breaker, in an amount to be proven at trial but not less than $279,140.59, plus interest and costs.

**COUNT II**

**Breach of Contract**

36. Plaintiffs incorporate the preceding paragraphs as if fully set forth here.

37. The Contract is a valid and enforceable agreement between Hitachi and B&R, supported by consideration, and is governed by the laws of the State of New York. (Ex. A § 25.)

38. Hitachi performed its obligations under the Contract.

39. B&R breached the Contract by, among other things: (a) failing to deliver the Breaker in the same good order and condition in which it was received; (b) failing to use "utmost care and due diligence in the protection of" the Breaker (Ex. A § 12); (c) failing to pay Hitachi's claim within sixty days of receipt as required by Section 6; and (d) failing to indemnify and hold Hitachi harmless from the loss as required by Section 10.

40. As a direct and proximate result of B&R's breaches, Plaintiffs have sustained damages, measured under Section 6 of the Contract and applicable law, in an amount to be proven at trial but not less than $279,140.59, plus interest, costs, and recoverable expenses.

**COUNT III**

**Breach of Bailment (Pleaded in the Alternative)**

41. Plaintiffs incorporate the preceding paragraphs as if fully set forth here. This Count is pleaded in the alternative, to the extent the Carmack Amendment is held not to govern Plaintiffs' claims.

42. Hitachi delivered the Breaker to B&R for a particular purpose — carriage to Morrisville, Pennsylvania — under an express or implied agreement that B&R would carry it with due care and deliver it in the same condition in which it was received, creating a bailment for hire.

43. B&R accepted the Breaker in good condition and failed to deliver it in that condition, and the Breaker was damaged while in B&R's exclusive possession and control.

44. As a direct and proximate result, Plaintiffs have sustained damages in an amount to be proven at trial but not less than $279,140.59, plus interest and costs.

**COUNT IV**

**Negligence (Pleaded in the Alternative)**

45. Plaintiffs incorporate the preceding paragraphs as if fully set forth here. This Count is pleaded in the alternative, to the extent the Carmack Amendment is held not to govern Plaintiffs' claims.

46. B&R owed Hitachi a duty to exercise reasonable care in the transportation, routing, and handling of the Breaker, including the duty to plan and follow a route with adequate vertical clearance for an oversize load.

47. B&R, through its driver, breached that duty by, among other things, taking a wrong exit and operating the vehicle carrying the Breaker into a structure with insufficient vertical clearance.

48. As a direct and proximate result of B&R's negligence, the Breaker was damaged, and Plaintiffs have sustained damages in an amount to be proven at trial but not less than $279,140.59, plus interest and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Hitachi Energy USA Inc. and Zurich American Insurance Company respectfully request that the Court enter judgment in their favor and against Defendant B & R Transport LLC:

(a) awarding damages in an amount to be proven at trial but not less than $279,140.59;

(b) awarding prejudgment and post-judgment interest at the maximum rate permitted by law;

(c) awarding the costs of this action and such expenses and attorneys' fees as are recoverable under Section 10 of the Contract or applicable law; and

(d) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 10, 2026

KMA ZUCKERT LLP
Attorneys for Plaintiffs
HITACHI ENERGY USA INC. and
ZURICH AMERICAN INSURANCE COMPANY
as subrogee of Hitachi Energy USA, Inc.

By: ________________________________
David Y. Loh (DL 0460)
1120 Avenue of the Americas, Suite 17A
New York, N. Y. 10036
dloh@kmazuckert.com
Tel.: (212) 922-0450
Fax: (212) 922-0530
File: 448003.00052 DYL

# INDEX OF EXHIBITS

| Exhibit | Description |
|---|---|
| A | Contract for Carriage between Hitachi Energy USA Inc. and B & R Transport LLC (executed March 9, 27 and 28, 2023) |
| B | Bill of Lading No. MTP0057SEP27.6 (signed by driver November 13, 2024; claused by consignee November 19, 2024) and Bill of Lading No. MTP0057SEP27.5 (signed by driver November 13, 2024), with Hitachi packing lists |
| C | Hitachi Order Acknowledgement, Sales Order No. 890101588 |
| D | Email from B & R Transport LLC to Hitachi dated November 21, 2024 (as forwarded January 20, 2025) |
| E | Hitachi notice of claim to B & R Transport LLC dated February 10, 2025 (CN-00081) |
| F | Correspondence with Great West Casualty Company, Claim No. 024-11-002720 (February 19 – March 11, 2025) |
| G | ISA Preliminary Survey Report, Ref. 004/60/09363, dated March 10, 2025 |
| H | Hitachi Energy Repair Estimate, Ref. US-1039824, dated August 23, 2025 |
| I | Photograph of damaged Breaker (IMG_7131) |
| J | FMCSA SAFER Company Snapshot — B & R Transport LLC |